**Linda A. McGRAW**

v.

**SEARS, ROEBUCK & CO., a New York corporation.**

**No. 97–CV–01334.**

United States District Court, D. Minnesota.

Sept. 18, 1998.

Kristi Jo Paulson, Dady & Garner, Minneapolis, MN, for plaintiff.

Laurie A. Willard, Molly P. Wright, Jackson, Lewis, Schnitzler & Krupman, Minneapolis, MN, for defendant.

## ORDER

ROSENBAUM, District Judge.

Defendant seeks summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Fed. R. Civ.P."). Oral argument was heard on August 7, 1998. Defendant's motion is granted in part and denied in part.

### I. *Background*

Plaintiff, Linda A. McGraw, now 47 years old, was employed by Sears, Roebuck & Co. ("Sears") from October, 1970, to March, 1996. In July, 1993, she was appointed manager of the men's and shoe departments. Plaintiff was responsible for supervising and training sales associates, maintaining sales and profitability, and merchandise presentation. At the time of this assignment, she was given an employee handbook which, among other things, described Sears' policies concerning discrimination and harassment.

In September, 1994, slightly more than a year after being placed in charge of the men's department, plaintiff's diabetic mother's illness became worse, requiring plaintiff's help and care. As a manager, plaintiff's work schedule was flexible, and she was able to attend to her mother's care until her mother's death, nine months later, in June, 1995.

Five months later, in November, 1995, plaintiff met with Duane Tollefson, a Sears unit manager. At this meeting, plaintiff requested additional staff to assist in stocking and reorganizing the shoe department. She mentioned some physical discomfort arising from arthritis, back problems, and numbness in her feet. Plaintiff did not say she could not perform her duties, and, in fact, continued to do so. It is not clear whether additional staffing was provided, but Sears claims, without contradiction, that a shortage of labor has made store staffing difficult.

On December 18, 1995, plaintiff again met with Mr. Tollefson, and was advised of her perceived workplace performance deficiencies. These included a lack of communication with people in the replenishment department, and that the shoe department appeared unsatisfactory. During this meeting, plaintiff told Mr. Tollefson she was in early menopause.

Approximately three days later, plaintiff sought professional help. She told Tollefson she had begun therapy for depression, and subsequently informed him that she was taking medication for the problem. She did not request a change in her work, nor seek accommodation for a physical or psychological condition. At her deposition, plaintiff admitted she did not give Tollefson specific information about her counseling or prognosis during this meeting.

Plaintiff again met with Tollefson in mid-January, 1996. Tollefson told her he had seen an overall improvement, but more improvement was needed. Again, plaintiff did not request accommodation for any physical or mental condition.

Plaintiff had her annual review in March, 1996. Several events pertaining to this review are in dispute. Plaintiff claims she was told she needed to make a decision about her employment, but that even if she chose to stay, her employment would be terminated at the end of the review period. It appears, however, that plaintiff was offered an opportunity to resign and receive a severance package, rather than completing the remainder of the review process. The next day, plaintiff tendered her resignation.

On May 13, 1997, plaintiff filed a complaint with this Court, alleging Sears discriminated against her on the basis of age, in violation of the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. §§ 621–34, and the Minnesota Human Rights Act ("MHRA"), Minn.Stat. § 363 *et seq.*; discriminated against her on the basis of disability, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, and the Minnesota Human Rights Act ("MHRA"),

Minn.Stat. § 363.01 *et seq.;* breach of contract; and failure to provide leave permitted under the Family Medical Leave Act ("FMLA"), in violation of 29 U.S.C. § 2601, *et seq.,* 29 U.S.C. § 2615.

## II. *Discussion*

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party opposing summary judgment may not rest upon the mere allegations of their pleadings, but must produce significant probative evidence demonstrating a genuine issue for trial. *Id.* at 248–49, 106 S.Ct. 2505; *see also Hartnagel v. Norman,* 953 F.2d 394, 395–96 (8th Cir.1992). If the opposing party fails to carry that burden, or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548; *Mt. Pleasant v. Associated Elec. Coop., Inc.,* 838 F.2d 268 (8th Cir.1988). The Court considers the facts alleged in the non-moving party's pleadings and affidavits as true, and resolves factual disputes in favor of the non-moving party. *Radaszewski v. Telecom Corp.,* 981 F.2d 305, 310 (8th Cir.1992), *cert. denied,* 508 U.S. 908, 113 S.Ct. 2338, 124 L.Ed.2d 248 (1993).

### A. *Age Discrimination*

In Count I, plaintiff alleges an age discrimination claim, in violation of the ADEA and the MHRA. Under the ADEA, an employer may not discriminate against a person over the age of 40 on the basis of age. 29 U.S.C. § 623(a)(1) and 631(a). Under the MHRA, age discrimination is prohibited against a person over 18 years of age. Minn.Stat. § 363.01.

■] Plaintiff has offered no direct evidence to support her age discrimination claim. Her claim, then, is analyzed using the burden shifting analysis set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). See also *Gaworski v. ITT Commercial Finance Corp.,*

17 F.3d 1104, n. 3 (8th Cir.1994); *Hardin v. Hussmann Corp.,* 45 F.3d 262, 264 n. 1 (8th Cir.1995) (regarding application to ADEA). To establish her prima facie case, plaintiff must show: (1) she was a member of a protected class; (2) she is qualified for the position; (3) she was discharged despite her qualifications; and (4) she was replaced by a younger person. *See Snow v. Ridgeview Medical Center,* 128 F.3d 1201, 1205–06.

■ Plaintiff, being 45 years old at the time she left Sears, is clearly a member of the protected class. For purposes of this motion, Sears concedes that plaintiff was qualified for the position and replaced by a younger person. The parties disagree as to whether plaintiff was discharged or whether she resigned.

The Court, having carefully reviewed the parties' positions concerning plaintiff's departure from Sears, finds there are unresolved issues of law and fact which preclude summary judgment on this claim. *See Tidwell v. Meyer's Bakeries, Inc.,* 93 F.3d 490, 494 (8th Cir.1996), and *see Howard v. Burns Bros., Inc.,* 149 F.3d 835, 1998 WL 388673, at *6 (8th Cir., 1998).

### B. *Americans With Disabilities Act*

■] In Count II, plaintiff asserts violations of the ADA. Plaintiff claims her employment was terminated because of a disability. Here again, the Court applies the *McDonnell Douglas* analytic, consisting of plaintiff's prima facie case, the defendant's burden of production, and the plaintiff's showing of pretext. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 1823–5, 36 L.Ed.2d 668 (1973); *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 113 S.Ct. 2742, 2747–8, 125 L.Ed.2d 407 (1993). To establish a prima facie ADA case, plaintiff must show: (1) she is disabled within the meaning of the ADA; (2) she is qualified to perform the essential functions of the job; and (3) she suffered an adverse employment action giving rise to an inference of unlawful discrimination. *Price v. S–B Power Tool,* 75 F.3d 362, 365 (8th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 274, 136 L.Ed.2d 197 (1996) (No. 95–1782). *Aucutt v. Six Flags Over Mid–America, Inc.,* 85 F.3d 1311, 1318

(8th Cir.1996). The Court finds that plaintiff has failed to establish the requisite prima facie case.

■] Plaintiff's prima facie case fails because she has not shown a disability under ADA. The ADA defines a "disability" as "(1) a physical or mental impairment that substantially limits one or more of the major life activities ...; (2) a record of such impairment; or (3) being regarded as having such an impairment." 42 U.S.C. § 12102(2)(A)-(C). Plaintiff claims her "depression, arthritis, stress, and menopause" constitute such a disability. But to establish that she has a disability, plaintiff must show these conditions significantly restricted her ability to care for herself, perform manual tasks, walk, see, hear, breath, learn, or work when compared to the average person. *See Helfter v. United Parcel Service, Inc.*, 115 F.3d 613, 616 (8th Cir.1997).

■] Plaintiff has produced no medical evidence—at all—showing that any of the above life activities, alone or in concert, substantially limited her ability to perform her work or any other significant life activity. There are simply no facts before this Court from which a reasonable fact finder could conclude that plaintiff was disabled within the meaning of 42 U.S.C. § 12102(2)(A).

The plaintiff references a four to seven day absence from work predating 1995 and 1996. However, plaintiff was able to return to work without restriction. Her physician did not prescribe any work restrictions, nor did plaintiff ever state she could not perform any of her work-related tasks. Indeed, she continued to perform them. There is no direct evidence that Tollefson, or any other Sears employee, considered her unable to work. She cannot, therefore, satisfy any of the *Helfter* tests.

■] Plaintiff does offer, however, the possibility that her early menopause may provide an ADA disability. Here again, there is no professional or medical evidence that this condition affected her workplace ability in the slightest. On the other hand, the Court recognizes that the Supreme Court, in *Bragdon v. Abbott*, —— U.S. ——, ——, 118 S.Ct. 2196, 2205, 141 L.Ed.2d 540 (1998), found an inability to have children to be a cognizable ADA disability in an AIDS case. But the Court does not read *Bragdon* to suggest that every woman in, during, or after menopause suffers an ADA disability because her ability to have children is impaired. The Court takes judicial notice of menopause as an entirely normal consequence of human aging. As such, it is clearly distinguishable from early loss or impairment of childbearing resulting from a communicable viral illness. The plaintiff's unsupported declaration that she is or was disabled, standing alone, is insufficient to withstand a motion for summary judgment. *See Helfter*, 115 F.3d at 616.

Having failed as a matter of law to establish the existence of a disability, plaintiff's prima facie case fails. Thus, the Court need not further consider the *McDonnell Douglas* test; summary judgment is granted as to Count II.

### C. Contract Claim

■ In Count III, plaintiff invokes this Court's supplemental jurisdiction, claiming a breach of contract. This common law claim is governed by Minnesota law. The parties agree that under Minnesota law, employer statements or assurances contained in a personnel policy or employee handbook can, if made as part of a contract promise, bind the employer to a unilateral contract. Such statements can modify the traditional at-will employment relationship. *See Pine River State Bank v. Mettille*, 333 N.W.2d 622 (Minn.1983).

■ Even assuming the Sears handbook provides a basis for such a unilateral contract, the Court must consider the effect of the handbook's disclaimer language found on pages 1–2. While the Minnesota Supreme Court has not spoken concerning disclaimers, the Eighth Circuit has concluded the Minnesota Court would bar a contract claim when a handbook contained such language, even if other handbook provisions are specific and unequivocal. *See Miller v. Citizens Security Group*, 116 F.3d 343, 348 (1997). This decision is in accord with justice and public policy: if *Pine River* says that a handbook's language can bind an employer, explicit handbook language denying an intent to

modify an employment relationship must be read in the same fair reading.

The language of this handbook clearly states that it confers no rights on its recipient. (Page 1–2, Def. Exhibit A). Therefore, the Court determines as a matter of law that the employment relationship has not been modified, and Count I fails.

### D. *Family And Medical Leave Act*

Finally, in Count IV of the complaint, plaintiff alleges Sears failed to grant her leave assured by the FMLA. The FMLA entitles an employee leave from work due to serious health conditions afflicting either the employee or a close relative, and protects her right, on return, to a same or equivalent position. 29 U.S.C. §§ 2612(a)(1)(D); 2614(a)(1). There is, however, a corresponding responsibility which lies with the employee: under FMLA's regulations, an employee must provide the employer with adequate notice of the need for FMLA leave. *See* 29 C.F.R. §§ 825.302–.303 (citing *Carter v. Ford Motor Co.*, 121 F.3d 1146, 1148). In practice, this generally means no more than two days after learning of the need for the leave. *Id.*

Even assuming plaintiff suffered a family situation or a personal physical or psychological condition requiring leave, there is no evidence that she provided any notice to Sears to trigger her right to FMLA leave. Plaintiff has not offered a single request for leave for herself or to care for her mother. On the contrary, the one time she asked for leave to attend to her mother, she received it. In the absence of any request for leave, or any showing of its denial after such a request, there is simply no question to submit to a jury on this claim.

The Court finds that a mere declaration that an employee is going to counseling, or that a family member is ill, is insufficient to comply with FMLA's notice requirement. While an employer's duty to inquire may be predicated on statements made by the employee, the employer is not required to be clairvoyant. *See Johnson v. Primerica*, 1996 WL 34148 at *5 (1996). Summary judgment is granted on Count IV.

### III. *Conclusion*

For the reasons set forth above, IT IS ORDERED that:

1. Defendant's motion for summary judgment is denied as to Count I.

2. Defendant's motion for summary judgment is granted as to Counts II, III, and IV.